UNITED STATES METAL CAP & SEAL CO. v. AMERICAN KEYLESS
KAP CORPORATION.

AMERICAN KEYLESS KAP CORPORATION v. UNITED STATES
METAL CAP & SEAL CO.

(District Court, S. D. New York. April 4, 1918.)

1. PATENTS ⟨⟩328—VALIDITY—ANTICIPATION.
The Spengler patent, No. 1,074,907, for a bottle-closing cap comprising a resilient disk, which utilized the buckling property of metals to produce a tight closure, *held* valid and not anticipated by the earlier Clay patents.

2. PATENTS ⟨⟩64—VALIDITY—INFRINGEMENT.
Though the claims of an earlier patent were broad enough to include a device disclosed by a later patent, the earlier patent is not deemed to have anticipated the latter, where the device disclosed by it was impracticable and was never commercially successful.

Bill by the United States Metal Cap & Seal Company against the American Keyless Kap Corporation, together with a bill by the defendant against the complainant in the first suit. Decree for complainant in the first suit, and bill in the second suit dismissed.

The decree sustaining the complainant's patent was affirmed by the Circuit Court of Appeals. 250 Fed. 857, —— C. C. A. ——.

The first suit is for infringement of United States letters patent No. 1,074,907, to Henry Spengler, and the second suit for infringement of the fourth, fifth, and sixth claims of United States letters patent No. 755,275, and all of the claims of letters patent No. 755,276, to Francis W. H. Clay. These patents were all for bottle closures. The application for the first Clay patent was filed April 13, 1903, and for the second Clay patent was filed October 7, 1903, and each patent issued March 22, 1904. The application for the Spengler patent was filed June 5, 1911, and the patent was issued October 7, 1913. Bottle closures like the diagrams of the Clay patents have never been manufactured or sold, but closures exactly resembling the Spengler drawings have been manufactured and sold by both parties, and have met with reasonable commercial success. That the American Keyless Kap Corporation is infringing the Spengler patent is admitted, and its case in both suits rests upon the contention that the Clay patents are anticipations, or that the Spengler patent is at most only for an improvement.

Stephen J. Cox, of New York City (Frank J. Kent, of New York City, of counsel), for United States Metal Cap & Seal Co.

Charles Neave, of New York City, for American Keyless Kap Corporation.

AUGUSTUS N. HAND, District Judge (after stating the facts as above). [1, 2] The Clay patents disclose a bottle closure consisting of a metal stopper, which by reason of its resiliency may be buckled inwardly and forced against a ledge within the neck of the bottle, and removed by buckling in the reverse direction. I think Clay first devised a method of closing bottles by utilization of a reversible buckling piece of metal. It is probable, also, that Spengler employed the same mechanical forces in closing a bottle by a cap which grasps the neck of the bottle. In other words, each used a cap of resilient metal with a central bulged portion having a circumference with split edges forming fingers. In either device, when the central bulged portion is sprung into one position it is on one side of a plane, and when sprung into the reverse position it is on the other side of the plane. In each invention there is a bearing surface against which the disc shall buckle. In spite of the fact that each invention employed similar mechanical forces, I cannot regard Clay as anticipating Spengler. I think much more than mechanical skill was necessary to adapt a resilient metal cap to the bottle used by Spengler. It may be that the crown cork and seal stopper in general use, plus a resilient piece of metal, makes the Spengler stopper; but the crown cork and seal device consisted of a piece of nonresilient metal crimped over the neck,

⟨⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

and the Clay device consisted of a piece of resilient metal forced against a flange inside the bottle. I think the Spengler stopper is ingenious, and even fascinating, while Clay has disclosed little more than the very general principles which govern the mode of operation of each device. Furthermore, the Clay method of closing the bottle by metallic cap which presses by its fingers against the flange on the inside of the neck of the bottle appears to me of doubtful practicability. I should suppose an adequate pressure would be likely to break the glass, and the method of closing seems much less compact than the Spengler device, which goes around the neck of the bottle and with its fingers clasps the outside rib. Moreover, the only diagram where a cap is shown with provisions for withdrawal is of a design which perhaps shows the correct theoretical nature of the claim mentioned, but appears impracticable for actual commercial use. The steel model offered at the trial for the purpose of indicating the mode of operation of devices made in accordance with the drawings of the Clay patent only enforces my opinion. It is noteworthy that no commercial use seems to have been made of the Clay invention, and that the purchaser of the Clay patents appears to prefer to use the kind of stopper devised by Spengler. At any rate, I do not think that Clay taught the art anything like the Spengler stopper. Spengler's design of a stopper made to clasp the neck of a bottle by buckling and to be extracted by buckling in the reverse direction was a new invention, and not a mere improvement upon Clay.

A decree should be granted in the first suit sustaining the Spengler patent, with the usual injunction and accounting. In the second suit the bill should be dismissed, on the ground that the Spengler device does not infringe either of the Clay patents. Costs are awarded in each suit.

END OF CASES IN VOL. 250

*
